FILED

2017 Apr-24  AM 08:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **KATHERINE MARIE ORR** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | |
| **BIG LOTS STORES, INC. ,** | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY STRUCK JURY** |
| **and** | ) | |
| | ) | |
| **JOSHUA FLANAGAN, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## COMPLAINT
_____

## JURISDICTION AND VENUE

1.     This is a complaint for legal and equitable relief to redress violations

by the Defendants of the Plaintiff's rights secured by:

      a.     Title VII of the Civil Rights Act of 1964, as amended, 42

            U.S.C. § 2000e, et seq.; and

      b.     the laws of the State of Alabama.

2.     Federal subject matter jurisdiction exists pursuant to:

      a.     28 U.S.C. §§ 1331, 1367; and

      b.     Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e, et seq.

3.      Plaintiff's claims arising under the laws of the State of Alabama are properly before this Court based on the doctrine of pendent jurisdiction and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

## PARTIES

4.      Plaintiff, Katherine Marie Orr ("Orr"), is a resident of Colbert County, Alabama, and is over the age nineteen. Orr was employed by Big Lots at its store in Florence, Lauderdale County, Alabama when the actions of which she complains took place. Orr brings this legal action for illegal employment practices against Defendant Big Lots Stores, Inc. ("Big Lots") and Joshua Flanagan ("Flanagan"). Flanagan sexually harassed Orr and created a sexually charged and gender discriminatory hostile environment at Big Lots.  Orr seeks to permanently enjoin Big Lots from creating and condoning an illegal workplace that was hostile, derogatory and discriminatory to Orr.  Orr sets out more fully each claim below.

5.      Big Lots is a corporation organized pursuant to the laws of the State of Ohio.  At all times relevant to this Complaint, Big Lots was doing business in Lauderdale County, Alabama.  Big Lots employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6.      Flanagan, at all times relevant hereto, was Big Lots' Assistant Store

Manager and is subject to the jurisdiction of this Court.  Flanagan has a previous history of sexually harassing female employees and female customers that was known by Big Lots and further condoned in the workplace to the detriment of Orr.

## NATURE OF ACTION

7.     Orr brings this action against Big Lots and Flanagan, (collectively "Defendants") for unlawful employment practices and acts of intentional gender discrimination, sexual harassment (quid pro quo and hostile environment) and retaliation that occurred during her employment with Big Lots.  This lawsuit also alleges state law claims of invasion of privacy, assault and battery, intentional infliction of emotional distress and wanton and negligent hiring, training, supervision and retention under Alabama law.  Jurisdiction over Orr's claims, based on Alabama law, exists under the doctrine of pendent jurisdiction and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

8.     Plaintiff seeks injunctive relief, compensatory and punitive damages, to which she is entitled, and attorney's fees and costs.

## ADMINISTRATIVE PROCEDURES

9.     On February 24, 2016, within 180 days of learning of the acts of discrimination of which she complains, Orr filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, (" the EEOC").  (A copy

of which is attached herein as Exhibit A).

10.     After finding reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in Orr's EEOC Charge but not being able to obtain a settlement with Big Lots that would provide relief for Orr, the EEOC gave Orr a "NOTICE OF RIGHT TO SUE *(CONCILIATION FAILURE)*", dated January 20, 2017, with regard to her charge of discrimination, entitling her to institute a civil action in federal district court.  (Attached as Exhibit B). The envelope said "NOTICE OF RIGHT TO SUE" *(CONCILIATION FAILURE)* was in was postmarked January 21, 2017 and was received on January 23, 2017.

11.     All prerequisites for bringing this action have been met by Orr.

12.     Orr is in the process of filing a second charge with the EEOC regarding her being constructively discharged and ultimately fired on February 6, 2017. Orr is requesting the EEOC to expedite its investigation regarding her second EEOC Charge of discrimination and to immediately issue a right to sue letter to her regarding her second EEOC Charge.

## STATEMENT OF FACTS

13.     Orr went through Big Lots' orientation on or about January 27, 2016 and began working at Big Lots in Florence, Alabama about the last part of January 2016.

14. Orr's job title was Dock to Stock (DTS) Lead.

15. Orr's supervisors were Flanagan and Joey Bell ("Bell").

16. Flanagan sexually harassed Orr; touched Orr sexually; made constant sexual statements to Orr; grabbed the tab on Orr's panties; pulled Orr's panties up into the crack of her butt; put his hand down Orr's panties; touched Orr's butt; put his hand in the crack of Orr's butt; constantly tried to get Orr in a room with just the two of them; constantly told Orr that she was beautiful and that he likes her; would stand in the door and block Orr from going through; would grab Orr's arm; and, sent sexually suggestive text messages to Orr.

17. Orr told Flanagan to not touch her and to not talk to her the way he was talking to her. Orr told Flanagan to not send sexually suggestive text messages to her. Flanagan disregarded Orr's requests.

18. On February 5, 2016, Orr went into a stall in the ladies' room at Big Lots, pulled down her panties and slacks, and sat on the commode to pee and to check on her bodily injuries after having fallen at work.

19. Flanagan entered the ladies' room; pushed the stall door open where Orr was; stared at Orr; grabbed Orr's thighs; put his face practically in Orr's crotch; touched Orr's knee; jerked Orr around; and, looked at Orr's butt and the back of Orr's legs.

20.   Flanagan did not announce he was coming into the ladies' room, much less into the stall where Orr was.

21.   Orr kept telling Flanagan not to touch her and to stop touching her;  not to talk to her the way he was talking to her; and, to leave the ladies' room, all of which Flanagan refused to do.

22.   Orr was able to pull her panties up with her hand which was not injured, but she could not pull up her slacks because of Flanagan's grabbing her thighs and knees; putting his face practically in her crotch; touching her knee; jerking her around; and, looking at her butt and the back of her legs.

23.   Orr was finally able to get Flanagan's hands off of her; pull up her slacks; get by Flanagan who was standing in the door of the bathroom stall; and, leave the ladies' room.

24.   Orr was afraid to go to work, afraid of Flanagan, and afraid to be around Flanagan at any time.

25.   Flanagan assaulted and battered Orr and sexually assaulted her.

26.   Big Lots, Flanagan, and Bell retaliated against Orr for complaining about and reporting all of the above.

27.   Orr claims and alleges that she was constructively discharged by Big Lots before Big Lots fired her on or about February 6, 2017.

28.    Big Lots reduced Orr to part-time employment whereas Orr had been a full-time employee.

29.    Big Lots cut Orr's hours to the point she could not pay for gas to get to and from work and could not pay her cell phone bill, much less pay for necessary living expenses such as food and clothing.

30.    Orr's car was repossessed.

31.    Orr cannot afford rent for a place to live.

32.    Bell and others under Bell's supervision made the workplace so miserable that no reasonable person could continue to work under those circumstances.

33.    For example, Bell would follow Orr to the bathroom when she took bathroom breaks, get on his walkie-talkie and ask Orr where she was so that every body heard Bell asking her where she was when Bell knew exactly where she was, asking her how long she was going to be in the bathroom, and sending co-employees to the bathroom to ask her how long she was going to be in the bathroom. Bell would broadcast this over the walkie-talkie so others could hear him. Bell humiliated and demeaned Orr.

34.    Bell yelled at Orr frequently bringing Orr to tears.

35.    Bell humiliated and demeaned Orr in front of co-workers so much she would break into tears.

36.    Bell falsely accused Orr of not calling in when she could not get to work. Orr called in when she could not get to work for lack of transportation.

37.     Orr's utilities were cut off. Orr had to get financial assistance from various places, organizations, friends, and family members to get her utilities turned back on and to pay bills. But, it got to the point, Orr could not afford a place to live and is having to live with family and friends.

38.     Orr could not endure the severe and unbearable mental and emotional anguish and economic injury and damage she suffered at the hands of Big Lots.

39.     Big Lots fired Orr on or about February 6, 2017 accusing of not calling in and being a no show.

40.     Orr worked in a sexually hostile working environment at Big Lots.

## <u>COUNT ONE</u>

## SEXUAL HARASSMENT
## QUID PRO QUO AND HOSTILE ENVIRONMENT

41.     Orr realleges and incorporates by reference paragraphs 1 through 40 with the same force and effect as if fully set out in specific detail herein below.

42.     This is a claim against Big Lots, except Flanagan in his personal capacity,[1] arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

43.     The conduct of Big Lots and Flanagan alleged herein violates Title VII because Orr was required to work in a sexually hostile environment which was

---

[1] Because Title VII does not create a cause of action against individual Defendants, Flanagan is not included as a Defendant in the Title VII claims.  However, Flanagan was an Assistant Manager and Orr's boss/supervisor and is sued in this capacity under Title VII.

tainted by impermissible and repeated requests for sexual favors and innuendos and a perverse hostile environment based on sex, which included Orr's being subjected to repeated sexual harassment, touching, comments, threats, and intimidation by Flanagan, Big Lots' Assistant Manager and her boss/supervisor.

44.     Orr is female and member of a protected group.

45.     Orr did not welcome the sexual invitations, misconduct, and hostile work environment created by Flanagan and Big Lots.

46.     Flanagan and Big Lots subjected Orr to repeated sexual harassment and intimidation causing Orr's work environment to be permeated with discriminatory conduct, ridicule, degradation, and insult that altered her work conditions, pay and benefits.

47.     Big Lots and Flanagan touched and/or allowed and condoned the unlawful treatment of the Orr which included inappropriate touching and comments that were unwelcome. Big Lots and Flanagan made and/or condoned inappropriate and sexual comments to Orr.  The conduct and comments continued on a daily basis and many times throughout the work day. Big Lots allowed an/or condoned these actions.

48.     Flanagan made degrading, sexually charged, and demeaning comments in front of Orr.  Flanagan grabbed and touched Orr in a sexual manner. Orr was made to feel terrorized in the work place by Flanagan's continual harassment, intimidation and threats to her.

49.     Flanagan physically assaulted Orr by among others things grabbing,

pulling on her panties, putting his hand down her panties, and touching her butt in the workplace. At all times, Orr repeatedly told Flanagan to leave her alone, but to no avail.  Big Lots condoned and ratified these actions by Flanagan.

50.     Despite Orr's repeated and numerous complaints, Flanagan's harassment continued and Orr continued to suffer outrageous harassment, discrimination and retaliation. Nothing was ever done to train, correct or discipline Flanagan nor to prevent his sexually harassing conduct and language toward Orr. Rather, Flanagan remained undeterred in a management position at Big Lots.

51.     Such unlawful employment practices proximately caused Orr to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

52.     Due to the ongoing threats, adverse terms and conditions of employment, retaliation and constructive discharge, Orr was caused to lose wages and benefits.  Orr was also subjected to undue mental and emotional injury.

53.     Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT TWO

## GENDER DISCRIMINATION

54.     Orr realleges and incorporates by reference paragraphs 1 through

53 with the same force and effect as if fully set out in specific detail herein below.

55.     Orr has been discriminated and retaliated against on the basis of her sex in regard to training, promotion, job assignments, job pay and terms and conditions of employment, in violation of Title VII, 42 U.S.C. §2000e, et seq.. Orr has been discriminated and retaliated against and harassed because of her sex and has been subjected to unequal treatment.  Further, Orr has been subjected to a hostile environment because of her gender.  Orr was exploited due to her gender. Male employees are not similarly treated.

56.     Such unlawful employment practices proximately caused Orr to suffer severe mental and emotional distress/anguish, embarrassment, humiliation, shame, and trauma for which she claims damages.

57.     Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT THREE

## RETALIATION

58.     Orr realleges and incorporates by reference paragraphs 1 through 57 with the same force and effect as if fully set out in specific detail herein below.

59.     There existed an employer-employee relationship between Orr and Big Lots.

60.    Orr exercised her statutory rights under Title VII by complaining to Big Lots and the EEOC about the sexual harassment and hostile work environment created by Flanagan and, thereafter, was subjected to intentional retaliation by Big Lots, specifically Bell, Big Lots' manager.  Orr's terms and conditions of employment were altered, and she was harassed and threatened. Orr was constructively discharged and then fired.

61.    Big Lots' and Flanagan's conduct proximately caused Orr to suffer embarrassment, humiliation, loss of reputation, mental and emotional distress/anguish, and trauma for which she claims damages as set out below.

62.    Orr seeks declaratory and injunctive relief, award of back pay and front pay, reinstatement where applicable, award of compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT FOUR

## NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

63.    Orr realleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

64.    This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision and retention of Flanagan by Big Lots.

65.     Big Lots had a duty to provide Orr with a reasonably safe work environment and to follow its own policies and procedures prohibiting sexual harassment, discrimination, and retaliation in the workplace.  Further, Big Lots had a duty to follow the law.

66.     Flanagan was emboldened in his harassment by Big Lots' knowing about  and/or should having known about Flanagan's behavior, but not doing anything to stop Flanagan's behavior.

67.     Big Lots did nothing to curtail Flanagan's behavior or protect Orr from Flanagan.  The harassment and retaliation continued despite Flanagan's knowing such actions were illegal.

68.     Big Lots failed to establish an adequate policy against sexual harassment, failed to implement such policy consistently, failed to regularly and clearly communicate its policy to its agents and employees, failed to train and enforce its own policies to the detriment of the Orr, and retained Flanagan as an Assistant Manager.

69.     Big Lots failed to educate and train Flanagan and other managers, owners, supervisors, and employees on sexual harassment.

70.     As an approximate result of Big Lots' conduct, Orr was caused to suffer embarrassment, humiliation, loss of reputation, mental and emotional distress/anguish, and trauma for which she claims damages as set out below.

71.     Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and punitive

damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT FIVE

## INVASION OF PRIVACY

72.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 71 with the same force and effect as if fully set out in specific detail herein below.

73.    This is a claim against Big Lots, including Flanagan, in his personal and individual capacity, for the invasion of Orr's right to privacy based on the laws of the State of Alabama.

74.    Big Lots and Flanagan invaded Orr's personal and emotional sanctum by physically touching, assaulting and battering Orr after being told to stop. Further, Orr was placed in a false and negative position, had publicity provided by Big Lots and Flanagan to private information about Orr and Big Lots intruded into Orr's physical solitude and seclusion by having to defend against false accusations.

75.    Flanagan made degrading, sexually charged and demeaning comments to Orr.  Flanagan grabbed and touched Orr in a sexual manner. Orr was made to feel terrorized in the work place by Flanagan, who continually harassed, intimidated and threatened her.

76.    Flanagan physically assaulted Orr by pulling on her panties, putting his hand down her panties, putting his hand all over her butt while he had his hand

down her panties, touching her body, grabbing her arm, and the other things set forth above, while making sexual comments.  These actions were degrading and abusive.  At all times, Orr repeatedly told Flanagan to leave her alone, but to no avail.

77.    Big Lots' and Flanagan's conduct invaded Orr's privacy and proximately caused Orr to suffer embarrassment, humiliation, loss of reputation, mental and emotional distress, and trauma for which she claims damages as set out below.

78.    Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and  punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT SIX

### ASSAULT AND BATTERY

79.    Orr realleges and incorporates by reference paragraphs 1 through 78 with the same force and effect as if fully set out in specific detail herein below.

80.    This is a claim against Big Lots and Flanagan, in his personal capacity, arising under the laws of the State of Alabama for assault and battery.

81.    Big Lots and Flanagan did commit assault and battery on Orr by touching Orr's  person in a rude and hostile manner and speaking to her in a sexually suggestive and demeaning manner which was unwelcomed by Orr,

making her feel uncomfortable as well as personally assaulted.

82.     This conduct was committed while Flanagan was acting within the line and scope of his authority as Orr's boss and direct manager/supervisor and while acting as a manager at Big Lots.

83.     Flanagan made degrading, sexually charged and demeaning comments. Flanagan grabbed and touched Orr in a sexual manner.  Orr was made to feel terrorized in the work place by Flanagan, who continually harassed, intimidated and threatened her.

84.     Flanagan physically assaulted Orr by pulling on her panties, putting his hand down her panties, putting his hand all over her butt while he had his hand down her panties, touching her body, grabbing her arm, and the other things set forth above, while making sexual comments.  Flanagan physically assaulted Orr by additionally touching her, hugging her, physically grabbing her, pulling her body into his body, and grabbing her buttocks and thighs.  These actions were degrading and abusive.  At all times, Orr repeatedly told Flanagan to leave her alone, but to no avail.  At all times, Flanagan's actions were intentional.

85.     Big Lots had notice of Flanagan's improper touching, assault, battery and sexual harassment of Orr and failed to take any proper disciplinary or corrective action.  Big Lots condoned and ratified the assault and battery of Orr.

86.     Big Lots' and Flanagan's conduct proximately caused Orr to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

87.     Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

## COUNT SEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.     Orr realleges and incorporates by reference paragraphs 1 through 87 with the same force and effect as if fully set out in specific detail herein below.

89.     This is a claim against Big Lots and Flanagan, in his individual and personal capacity, arising under the laws of the State of Alabama prohibiting the intentional infliction of mental and emotional distress/anguish.

90.     The improper touching, egregious sexual harassment and crude comments and conduct of Big Lots and Flanagan, as aforesaid, was extreme, outrageous and beyond the bounds of decency.

91.     Such conduct is not condoned by society and should not go unpunished.

92.     The conduct of Big Lots and Flanagan, as aforesaid, created a hostile work environment that was unwelcomed by Orr.

93.     The repeated sexual harassment, comments, assault and battery by Flanagan, and the subsequent ratification by Big Lots extremely altered Orr's work environment and no person should be expected to work in that type of

environment in the State of Alabama or the United States of America.

94.    Big Lots' and Flanagan's conduct proximately caused Orr to suffer embarrassment, humiliation, loss of reputation, mental and emotional distress/anguish, and trauma for which she claims damages as set out below.

95.    Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

**WHEREFORE**, Orr respectfully requests this Court to:

A.    Permanently enjoin Big Lots and Flanagan from engaging further in their discriminatory treatment of female employees similarly situated;

B.    Order Big Lots, its agents, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicates the effects of its past and present unlawful employment practices, including implementing a consistent policy against sexual harassment and retaliation in the work place;

C.    Order Flanagan to engage in a comprehensive mental examination and counseling to prevent further sexual harassment and assault in any workplace where Flanagan may work with females in the future;

D.    Order Big Lots, its agents, and employees to make whole Orr by reinstating Orr where applicable, providing appropriate front pay, back pay with

prejudgment interest, and other monetary relief as may be available to her, including damages for her physical, mental and emotional distress/anguish, embarrassment, humiliation and trauma;

E.    Award Orr liquidated damages and compensatory and punitive damages under the laws of the State of Alabama and the Constitution of the United States, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances;

F.    Award Orr her costs and expenses herein, including reasonable attorney's fees, and any and all such other relief the trier of fact may assess; and,

G.    Award such other and further additional relief which this Court deems necessary, proper and appropriate under the circumstances.

## COUNT EIGHT

### CONSTRUCTIVE DISCHARGE

96.    Orr realleges and incorporates by reference paragraphs 1 through 95 with the same force and effect as if fully set out in specific detail herein below.

97.    Big Lots, Flanagan, and Bell retaliated against Orr for complaining about and reporting all of the above.

98.    Orr claims and alleges that she was constructively discharged by Big Lots before Big Lots fired her on or about February 6, 2017.

99.    Big Lots reduced Orr to part-time employment whereas Orr had been a full-time employee.

100.   Big Lots cut Orr's hours to the point she could not pay for gas to get to and from work and could not pay her cell phone bill, much less pay for necessary living expenses such as food and clothing.

101.   Orr's car was repossessed.

102.   Orr cannot afford rent for a place to live.

103.   Bell and others under Bell's supervision made the workplace so miserable that no reasonable person could continue to work under those circumstances.

104.   For example, Bell would follow Orr to the bathroom when she took bathroom breaks, get on his walkie-talkie and ask Orr where she was so that every body heard Bell asking her where she was when Bell knew exactly where she was, asking her how long she was going to be in the bathroom, and sending co-employees to the bathroom to ask her how long she was going to be in the bathroom. Bell would broadcast this over the walkie-talkie so others could hear him. Bell humiliated Orr.

105.   Bell yelled at Orr frequently bringing Orr to tears.

106.    Bell humiliated and degraded Orr in front of co-workers so much she would break into tears.

107.   Bell falsely accused Orr of not calling in when she could not get to work. Orr called in when she could not get to work for lack of transportation.

108.   Orr's utilities were cut off. Orr had to get financial assistance from various places, organizations, friends, and family members to get her utilities

turned back on and to pay bills. But, it got to the point, Orr could not afford a place to live and is having to live with family and friends.

109.   Orr could not endure the severe and unbearable mental and emotional anguish and economic injury and damage she suffered at the hands of Big Lots.

110.   Big Lots fired Orr on February 6, 2017, accusing Orr of not calling in and being a no show.

111.   Orr worked in a sexually hostile working environment at Big Lots.

112.   Big Lots's and Flanagan's conduct proximately caused Orr to suffer embarrassment, humiliation, loss of reputation, mental and emotional distress/ anguish, and trauma for which she claims damages as set out below.

113.   Orr seeks declaratory and injunctive relief, reinstatement where applicable, award of back pay and front pay, award of compensatory and punitive damages, damages for mental and emotional anguish, costs, attorney's fees, any and all such other relief the trier of fact may assess, and any and all such other relief this Court deems necessary, proper, and appropriate under the circumstances.

Respectfully submitted,

/s/Michael L. Weathers
Michael L. Weathers (ASB-1749-W86M)
Attorney for Plaintiff Katherine Marie Orr
101 Courtview Towers
Florence, Alabama 35630-5417
(256) 764-1318 Telephone (256) 764-1319 Facsimile
E-mail address: michael.l.weathers@comcast.net

**PLAINTIFF KATHERINE MARIE ORR DEMANDS A TRIAL BY STRUCK JURY**

/s/Michael L. Weathers _____

    Michael L. Weathers